IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN CARLOS VARGAS PONCE, | |
| Petitioner, | |
| vs. | 8:26-CV-163 |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al. | ORDER TO SHOW CAUSE |
| Respondents. | |

The petitioner seeks release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. He alleges that he being detained in violation of the Due Process Clause and relevant statutes. Filing 1. Accordingly, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1.    The Clerk of the Court shall, before docketing this order, add Justin J. Hall of the Nebraska Attorney General's Office as

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

counsel for Rob Jeffreys, and add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents, and shall after doing so regenerate the filing for the petition.

2. The respondents shall, on or before **April 16, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

   c. The government's position on whether an evidentiary hearing should be conducted; and

   d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. The petitioner may reply in support of the petition on or before April 20, 2026.

5.    The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6.    If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 13th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge