IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN CARLOS VARGAS PONCE, | |
| Petitioner, | 8:26-CV-163 |
| vs. | MEMORANDUM AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| MARKWAYNE MULLIN, in his Official Capacity as Secretary of the Department of Homeland Security, et al. | |
| Respondents. | |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. *See* filing 1. The government asserts a hearing is not necessary, filing 6 at 9, and the Court agrees. The Court will conditionally grant the petition.[1]

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).

The petitioner is a citizen of Mexico. Filing 8 at 3. As relevant, in June 2020, he was found in Omaha, Nebraska following an arrest by state law enforcement, and was detained by immigration authorities after completing his state sentence. Filing 8 at 4. He was released on an order of recognizance and placed in removal proceedings. *See* filing 6 at 3-4. He was ordered removed to Mexico in August 2024 and appealed that determination, so his order of removal is not yet final. Filing 8 at 4.

The petitioner was arrested by state law enforcement in January 2026 and taken into custody on an immigration detainer after the state charges were dismissed. Filing 8 at 5. A bond hearing was held but the immigration judge found that the immigration court lacked jurisdiction to issue a bond because the petitioner was in mandatory custody pursuant to 8 U.S.C. § 1225(b)(2)(A). Filing 1-1. He is currently detained in McCook, Nebraska. Filing 8 at 5.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.  The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before April 24, 2026**.

3.      If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.      **On or before April 27, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 17th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3